CAROL A. STERLING, PLAINTIFF, v. ANTHONY P. F. STERLING, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County

Decided August 6, 1981.

*Richard Amster*, for plaintiff (*Amster & Levin*, attorneys).

*Jerome C. Eisenberg*, for defendant (*Clapp & Eisenberg*, P.A., attorneys).

KRAFTE, J. J. D. R. C. (temporarily assigned).

This is a post-judgment application for modification of alimony. The issue presented is the resolution of the time frame within which a standard of living is to be defined, wherein the parties, by agreement, contemplate a "standard" higher than that actually enjoyed during the marriage.

■ Justice Pashman, speaking for the Supreme Court in *Lepis v. Lepis*, 83 *N.J.* 139, 152 (1980), set forth the general rule that "The supporting spouse has a continuing obligation to contribute to the maintenance of the dependent spouse at the standard of living formerly shared." Stated another way for purposes of the facts presented herein, plaintiff Mrs. Sterling is only entitled to be maintained at that standard of living to which the parties herein had become accustomed during the marriage, absent, of course, an agreement to the contrary. This trial court is limited by those constraints set forth in *Lepis*, if applicable.

The issue herein focuses upon the agreement and the intent thereof with respect to the subsequent modification of its terms as they relate to alimony.

It is plaintiff's argument that at the time of the entry of the final judgment defendant was just embarking upon a financially lucrative future in the practice of orthopedic medicine to which plaintiff had greatly contributed her efforts and made sacrifices. The judgment, she purports, took this factor into account: defendant's income as of the date of the divorce hearing was relatively limited and would be subject to an enormous increase within a very short period of time. Based upon the circumstances of the parties as they then existed, the final judgment accordingly provided for small annual increases for the first three years, together with a cost of living adjustment for this period. The judgment also prohibits an application for modification for three years. The agreement further provides in pertinent part:

It is further understood that the support provided for in the third year, as outlined above, will continue thereafter until such time *as the parties modify it by agreement or an application is made to the court for modification.* [Emphasis supplied.]

Defendant thereafter agreed to provide plaintiff, commencing February 7, 1978, with a statement as to current earnings and further agreed to provide a statement of earnings every six months thereafter, along with a copy of his federal income tax returns.

It is defendant's position that to allow a modification based upon his increased earnings alone would be to grant plaintiff an award which would sustain her at a higher standard of living than the parties had ever enjoyed during the marriage and, therefore, would be in contravention of the Supreme Court's decision in *Lepis v. Lepis, supra.*

This court, after reviewing the certifications submitted and considering oral argument of the attorneys, finds that the agreement, by its terms, takes this case out of the *Lepis* criteria. The judgment of divorce *specifically anticipates* a substantial increase in defendant's income.

A close examination of the agreement exhibits an intent on behalf of the parties that the support and alimony provisions of the final judgment would be open to modification after a three-year period, and until such time defendant would provide modest increases. After this three-year period the parties could then modify by agreement, or the court could be asked to rule on any requested modification. This court has not been made aware of the actual reasons behind the selection of *three* years as the period of time, but the purpose is obviously to allow defendant an opportunity to become established financially. It is reasonable to infer that the conclusion of this period is to be the point on which negotiations as to the amount of support should be focused. This court unhesitatingly construes the agreement, and more particularly paragraph 14, as establishing a right in plaintiff to make application for a modification—not the type of modification contemplated and dealt with in *Lepis, supra*, but one which is *related* to the establishment of the standard of living of the parties during the marriage.

It is extremely important to point out, as already indicated indirectly, that the modification application will be limited to the standard of living the parties would have had in three years (February 21, 1978). This is critical. Despite the fact that the agreement does establish a right in plaintiff to make application for a modification, this court must limit the time with respect to the standard of living of the parties. The parties themselves have agreed to three years. A court of equity will not permit plaintiff to sit back and select that time period which finds the parties' economic ambience most beneficial to her, then make application and have that as her basis for establishment of the standard of living in which she is entitled to be maintained. It is clearly inequitable and unconscionable for this court to permit plaintiff to wait until defendant's income maximizes and to then fully participate in his future earnings and success, to which she marginally contributed.

This court finds that the parties have established a time, that being three years. All of the financial discovery hereinafter mentioned shall be directed to that time. After a proper amount of support is ascertained and the standard of living established for the parties, all future applications for modification shall have that point as their basis and will be governed by *Lepis* considerations, or such other considerations as the courts or legislature may have established at such time. This court will not entertain a *Lepis* application until said standard is established. It is further noted that plaintiff has pointed out she is only asking that the agreement be enforced and intimates she is not coming in under *Lepis*.

This court therefore orders a plenary hearing which shall be directed specifically to the standard of living based on the combined incomes of the parties after the three-year period and plaintiff's ability to obtain and advance in her employment opportunities in those three years.

Interrogatories shall be served within 20 days, answers to be filed within 20 days of service. Each party may then take the financial depositions of the other party at their own cost, subject to allocation. Defendant may also take the deposition of plaintiff with respect to her employability over the three-year period.